UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETTE LANE,<br><br>   Plaintiff,<br><br> vs.<br><br>DR. BEACH,<br><br>   Defendant. | 1:20-cv-00147-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>  **and**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 12.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I. BACKGROUND**

  Everette Lane ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 29, 2020.  (ECF No. 1.)  On March 26, 2021, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 11.)  On April 19, 2021, Plaintiff filed the First Amended Complaint which is now before the court for screening.  28 U.S.C. § 1915.  (ECF No. 12.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is a state prisoner presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation where the events at issue in the Complaint allegedly occurred. Plaintiff names as the sole defendant Dr. Beach (Licensed Clinical Social Worker) ("Defendant").

///

///

Plaintiff's allegations follow:

Plaintiff alleges that on the date in question, Defendant Dr. Beach was the clinician responsible to see if Plaintiff was provided medical/suicidal treatment if necessary. On said date Plaintiff informed Defendant Beach that he was suicidal because he had lost a family member. Plaintiff also informed her (Beach) that he swallowed four razors before she arrived and had one more razor hidden. Plaintiff also said he needed help or he would pull out the razor and start cutting.

Dr. Beach did not tell medical to get x-rays of the four razor blades, or tell custody that Plaintiff had another contraband razor in his possession. Instead, Defendant Beach said Plaintiff was cleared to go back. Plaintiff, indeed being suicidal, refused to go back and then pulled out his razor and started cutting.

Putting Plaintiff on suicide watch would have stopped his actions but instead Defendant Beach watched Plaintiff cut and ignored his words but felt free to use profanity. The cutting later required surgery for permanent nerve damage, yet Defendant still cleared Plaintiff to go back knowing Plaintiff was unsafe and just did this harm.

As relief, Plaintiff requests a jury trial and monetary damages including punitive damages.

## IV.     PLAINTIFF'S CLAIMS

### A.     42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles,

697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

### B. Mental Health Care Claim – Eighth Amendment

Prisoners' mental health needs are among the medical needs covered by the Eighth Amendment. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Where a prisoner's Eighth Amendment claim arises in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*). This principle extends to an inmate's mental-health-care needs. Smith v. Jenkins, 919 F.2d 90, 92–93 (8th Cir. 1990).

Deliberate indifference by prison personnel to an inmate's serious mental-health-care needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Id. Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin, 974 F.2d at 1059, overruled on other grounds by WMX Techs., Inc., 104 F.3d at 1136.

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

Plaintiff alleges that he was suicidal, had swallowed four razor blades, had an additional razor blade in his possession, and needed help or he would pull out the razor and start cutting. These allegations show that Plaintiff had a serious mental health need and thus satisfies the objective prong of a mental health treatment claim.

However, Plaintiff has not shown that Dr. Beach was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that she drew such inference. See Farmer, 511 U.S. at 837. There are no allegations from which to infer that Dr. Beach actually knew, or was in possession of facts from which to know, that Plaintiff had actually swallowed four razor blades, which appears not to have happened, or that she believed that

Plaintiff actually possessed a razor blade on his person. Moreover, Plaintiff's statement that he swallowed four razor blades has not been supported by Plaintiff's allegations, and if true would likely have been apparent to Dr. Beach, and ultimately resulted in a serious injury to Plaintiff. The fact that Dr. Beach did not take x-rays or report that Plaintiff had dangerous contraband, but instead cleared Plaintiff to go back to his cell, strongly supports the only logical inference that Dr. Beach was not aware of a substantial risk of serious harm to Plaintiff.  Under the deliberate indifference standard, "the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057.  Here, Plaintiff has not alleged facts showing that Dr. Beach drew the inference.  Moreover, even if Plaintiff can show that Dr. Beach responded inappropriately to Plaintiff's need for mental health care, he has not shown a causal connection by inference or otherwise between Dr. Beach's actions and Plaintiff's self-inflicted injury.  At most Plaintiff may state a claim for negligence, which is not actionable in this § 1983 case.

Based on the foregoing, Plaintiff fails to state an Eighth Amendment medical or mental health claim against Defendant Dr. Beach.

## V.     ORDER, RECOMMENDATIONS, AND CONCLUSION

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint against Defendant Dr. Beach.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  However, the Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983.  "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, the Clerk is **HEREBY ORDERED** to randomly assign a United States District Judge to this case.

and

Based on the foregoing, Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e):

1. This action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen days** after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 30, 2021**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE