UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETTE LANE,<br><br>              Plaintiff,<br><br>    vs.<br><br>DR. BEACH,<br><br>              Defendant. | No. 1:20-cv-00147-NONE-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; AND DISMISSING DELIBERATE INDIFFERENCE CLAIM IN PART<br><br>(Doc. No. 14.) |

      Plaintiff Everette Lane is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On November 1, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this case be dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983.  (Doc. 14.)  On November 15, 2021, Plaintiff filed objections to the findings and recommendations.  (Doc. 15.)

      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis in part, but concludes that one aspect of Plaintiff's

1

deliberate indifference claim should be permitted to proceed past screening.

In sum, plaintiff alleges that, on an unspecified date, he visited a clinician, Dr. Beach, at Kern Valley State Prison and informed Dr. Beach that (1) he had recently swallowed four razor blades and (2) he had an additional razor blade hidden in his possession and intended to use it to harm himself. (Doc. 12 at 3.) Plaintiff informed Dr. Beach that he was suicidal because he recently lost a family member. (*Id*.) On these facts, Plaintiff asserts an Eighth Amendment deliberate indifference claim. (*See generally* Doc. 12.) He first complains that Dr. Beach did not take x-rays to see if he was telling the truth about the ingested razor blades. (*Id*. at 3.) Plaintiff also complains that Dr. Beach did not take any action, such as placing him on suicide watch, to prevent him from harming himself with the hidden razor blade. (*Id*.) Plaintiff claims that he later harmed himself with the hidden razor and that his self-inflicted wounds later required surgery. (*Id*.)

The magistrate judge concluded that Plaintiff failed to state any claim for deliberate indifference to a serious mental health care need. (Doc. 14 at 5–6.) After acknowledging that Plaintiff's allegations of suicidal ideation support a finding that Plaintiff had a serious mental health care need, the magistrate judge concluded that plaintiff failed to allege that Dr. Beach was deliberately indifferent to Plaintiff's disclosure that he swallowed four razor blades. (*Id*.) Among other things, the magistrate judge reasoned that the operative complaint alleged no facts from which to infer that Dr. Beach knew or was in possession of facts from which she could possibly have known, that plaintiff *indeed* had swallowed razor blades. (*Id*.) For example, there were no allegations of physical symptoms displayed or reported to Dr. Beach. (*Id*. at 6.) This conclusion is in line with applicable authorities. To be liable for deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference". *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Whether an official had the requisite knowledge is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842. Put more simply, even assuming the truth of Plaintiff's allegation that he told

1  Dr. Beach that he ingested razor blades, absent any corroborating symptoms, that assertion was
2  simply implausible and therefore facts supporting the requisite knowledge are not alleged.
3      The magistrate judge reached a similar conclusion regarding Plaintiff's allegation that
4  Dr. Beach was deliberately indifferent to his report of suicidal ideations and his indication that
5  he would harm himself with a razor blade in his possession.  (Doc. No. 14 at 6.)  Specifically,
6  the magistrate judge found that Dr. Beach's inaction, namely her failure to report that Plaintiff
7  possessed contraband and subsequent decision to clear him to return to his cell, "supports the
8  only logical inference that Dr. Beach was not aware of a substantial risk of serious harm to
9  Plaintiff."  (*Id.*)
10     Courts in this circuit have found allegations of this nature sufficient to state a claim.
11 For example, in *Harmon v. Lewandowski*, No. LACV 20-09437-VAP-MRWx, 2021 WL
12 1557745, at *4–5 (C.D. Cal. Mar. 8, 2021), the plaintiff alleged that she informed the
13 correctional officer supervising her unit that she planned to commit suicide and described how
14 she intended to commit suicide (by swallowing all the Tylenol pills in her possession).  *Id*. at
15 *4.  The officer took no action and left plaintiff in their cell; she subsequently attempted suicide
16 by overdosing on Tylenol that same day.  *Id*.  The court concluded these allegations were
17 sufficient to state an Eighth Amendment because the defendant "was aware that Plaintiff
18 expressed suicidal ideation, which placed Plaintiff in substantial risk of serious harm, yet . . .
19 was deliberately indifferent to that need." *Id*. at *5.  Likewise in *O'Dell v. Mims*, No. 1:20-CV-
20 00378-NONE-JLT (PC), 2020 WL 3406196, at *4 (E.D. Cal. June 19, 2020), a claim was
21 permitted to proceed on a claim that he informed a prison mental health care provider that of
22 his suicidal ideations on numerous occasions, told her that he was "tired of living," and that he
23 was not ready to be released from a mental health crisis bed because he "did not trust himself."
24 *Id*. at *2.  This, the *O'Dell* court concluded, was sufficient to allege "a failure to take
25 reasonable measures to abate a known, substantial risk of serious harm." *Id*. at *4.
26     These cases stand for the proposition that a prisoner who alleges that he shared his
27 facially plausible suicidal intentions with a prison official has sufficiently alleged that the
28 official had the requisite knowledge to support a deliberate indifferent claim.  The fact that the

official ignored a plaintiff's plausible disclosure of suicidal ideation cannot, on its own, require dismissal of such a claim.

Though Plaintiff's assertions regarding *ingestion* of razor blades may have been facially implausible, his assertion of *possessing* something with which he could harm himself was plausible–at least on the present record. Presented with Plaintiff's assertions of intent to self-harm, it could be inferred that Dr. Beach had the requisite knowledge to support a deliberate indifference claim. Therefore, the court will depart from the findings and recommendations as to that allegation, which will be permitted to proceed past screening. Accordingly,

1. The findings and recommendations issued by the magistrate judge on November 1, 2021, are adopted in part;
2. Plaintiff's claims of deliberate indifference to his assertion of swallowing razor blades is dismissed, with prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under § 1983;
3. The remaining deliberate indifference claim, as discussed above, will be permitted to proceed past screening;
4. The case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:     **January 18, 2022**

*[signature]*
UNITED STATES DISTRICT JUDGE