UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETTE LANE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. BEACH,<br><br>　　　　Defendant. | **1:20-cv-00147-JLT-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 42.)** |

## I.　BACKGROUND

Everette Lane ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint, filed by Plaintiff on April 19, 2021, against defendant Dr. Beach ("Defendant") for deliberate indifference in violation of the Eighth Amendment. (ECF No. 12.)

On March 30, 2022, the Court issued a Discovery and Scheduling Order establishing deadlines, including a discovery deadline of August 30, 2022, and a dispositive motions filing deadline of October 30, 2022. (ECF No. 24.) All of the deadlines have now expired.

On June 2, 2023, Plaintiff filed a motion for appointment of counsel. (ECF No. 43.)

## II.　MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court

for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff asserts that he is unable to afford counsel.  This does not make Plaintiff's case exceptional.  At this stage of the proceedings, the court cannot find that Plaintiff is likely to succeed on the merits.  While the court has found that "Presented with Plaintiff's assertions of intent to selfharm, it could be inferred that Dr. Beach had the requisite knowledge to support a deliberate indifference claim," this findings is not a determination that Plaintiff is likely to succeed on the merits  (ECF No. 17 at 4:5-7.)  The legal issue in this case -- whether Dr. Beach was deliberately indifferent to Plaintiff's serious medical claim -- is not complex.  Moreover, based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claims.  Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion for appointment of counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel, filed on June 2, 2023, is denied without prejudice.

IT IS SO ORDERED.

Dated:   **June 12, 2023**              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE