UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETTE LANE,<br><br>                Plaintiff,<br><br>        vs.<br><br>DR. BEACH,<br><br>                Defendant. | **1:20-cv-00147-JLT-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 53.)** |

**I.      BACKGROUND**

Everette Lane ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case, filed by Plaintiff against defendant Beach for inadequate medical treatment, is scheduled for trial on August 29, 2023 at 8:30 a.m. before the Honorable Jennifer L. Thurston.

On July 31, 2023, Plaintiff filed a motion for appointment of counsel.  (ECF No. 53.)

**II.      MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff seeks court-appointed counsel, arguing that he is unable to afford counsel, the issues in his case are complex, and he has set forth a colorable claim for relief. These conditions do not make Plaintiff's case exceptional under the law.  At this stage of the proceedings, the court cannot find that Plaintiff is likely to succeed on the merits, and the legal issue in this case -- whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs -- is not complex.  Moreover, based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claims.  Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion for appointment of counsel shall be denied without prejudice.

**III.    CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel, filed on July 31, 2023, is denied without prejudice.

IT IS SO ORDERED.

Dated:   __**August 1, 2023**__            _____**/s/ Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE