1
2
3
4
5
6
7

8       **UNITED STATES DISTRICT COURT**

9       **EASTERN DISTRICT OF CALIFORNIA**

10

11   EVERETTE LANE,                          Case No. 1:20-cv-00147-JLT-GSA (PC)

12                          Plaintiff,        ORDER RE MOTIONS IN LIMINE;
                                              ADDRESSING OBJECTIONS TO PRETRIAL
13                   v.                       ORDER

14
15   K. BEACH,                                (Docs. 50, 54, 55)

16                          Defendants.

17

18                                      **I.   BACKGROUND**

19          Everett Lane asserts K. Beach, a Licensed Clinical Social Worker at Kern Valley State

20   Prison, violated his civil rights under the Eighth Amendment by failing to take action after

21   Plaintiff allegedly informed Defendant Beach he was suicidal, had recently swallowed four razor

22   blades, and had an additional razor blade hidden in his possession. Defendant denies these

23   allegations. Plaintiff seeks to hold Defendant liable under 42 U.S.C. § 1983. A jury trial is set to

24   commence in this matter on August 29, 2023.

25          Before the Court for decision are three motions in limine filed by Defendant and one set

26   of motions in limine filed by Plaintiff. (Docs. 50, 54, 55.) In addition, Defendant objects to some

27   aspects of the pretrial order and Plaintiff has provided a list of exhibits that were omitted from his

28   earlier pretrial submissions. The Court finds all these issues suitable for decision on the papers

1  and addresses the matters in this order.

2  ## II.    MOTIONS IN LIMINE

3  ### A.    Legal Standard

4  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the

5  practice has developed pursuant to the district court's inherent authority to manage the course of

6  trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained that

7  motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having

8  to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985,

9  1004–05 (9th Cir. 2003) (citations omitted).

10  Courts disfavor motions in limine seeking to exclude broad categories of evidence. *See

11  Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is

12  almost always better situated during the actual trial to assess the value and utility of evidence."

13  *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained,

14  "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]."

15  *Sperberg,* 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the

16  trial judge to ensure the expeditious and evenhanded management of the trial proceedings."

17  *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

18  "[A] motion in limine should not be used to resolve factual disputes or weigh evidence,"

19  *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008), because that is the

20  province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). The

21  Court will bar use of the evidence in question only if the moving party establishes that the

22  evidence clearly is not admissible for any valid purpose. *Jonasson*, 115 F. 3d at 440.

23  Moreover, the rulings on the motions in limine made below do not preclude either party

24  from raising the admissibility of the evidence discussed herein, if the evidence adduced at trial

25  demonstrates a change of circumstances that would make the evidence admissible. In this event,

26  the proponent of the evidence **SHALL** raise the issue outside the presence of the jury.

27  ///

28  ///

**B.**     **Defendant's Motions in Limine**

1.   Defendant's Motion in Limine #1 (Lay Medical Testimony)

Defendant's first motion in limine seeks to preclude Plaintiff from providing opinion testimony about "any diagnosis, opinions, inferences, or causation concerning his self-caused wrist injury" or "any opinions or inferences from any medical records or diagnostic studies." (Doc. 50 at 2.) Defendant anticipates that "Plaintiff may seek to testify, and possibly seek to introduce medical records or other testimony, to show that he sustained a self-caused injury with his wrist after meeting with Defendant Beach for a mental health assessment." (*Id*.) It is undisputed that Plaintiff has not sought to designate himself as a medical expert in this matter.

Pursuant to Fed. R. Evid. 701, lay witness opinion testimony cannot be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "Rule 701 has been used to bar lay witnesses from testifying as to their opinion on causation where such a determination would require the experience of an expert." *Lillie v. ManTech Int'l Corp*., Case No. 2:17-cv-02538-CAS-SSx, 2018 WL 6323076, at *5 (C.D. Cal. Dec. 3, 2018). As a non-expert witness, Plaintiff is not qualified to offer any expert opinions in this case concerning the cause of any alleged physical injuries, the content of any medical records, or the nature of any medical condition.

However, to the extent Plaintiff intends to testify about his injury and how he suffered it in a manner that does not depend on expert opinion, he may do so. *See Hovsepian v. State Farm Mut. Auto. Ins. Co.*, No. CV-09-08929 MMM (PLAx), 2011 WL 13213900, at *10 (C.D. Cal. Jan. 12, 2011) ("Courts frequently hold that lay witnesses cannot testify regarding causation where determining the cause of a particular incident or occurrence is beyond common experience.")).) No lay witness is allowed to usurp the role of the jury by testifying as to an ultimate issue, including as to causation. However, under Rule 701, Plaintiff may testify about what he did, felt, and experienced and everything else within his personal perception, including as to medically related experiences and emotional distress, but not about the conclusions that his doctors reached about his injuries. "Just because a lay witness cannot testify about his opinion as to the causation of the emotional distress does not mean that a plaintiff cannot testify about the

3

surrounding facts which prove a causal link between the alleged wrong and the alleged damage, even without an expert." *Boren v. Harrah's Ent. Inc*., No. 2:08-CV-00215-GMN, 2010 WL 4340641, at *2 (D. Nev. Oct. 26, 2010); *Jan. v. Dr Pepper Snapple Grp., Inc.*, 594 F. App'x 907, 910–11 (9th Cir. 2014) (An expert witness is "not required to establish that [plaintiff] experienced mental distress and depression for purposes of noneconomic damages. [Plaintiff] was entitled to prove the latter type of damages by testifying about his own perceptions."). Thus, for example, if he felt pain or other sensation, this testimony is permitted. However, he cannot testify as to injuries or causal connections that can only be explained by an expert.

For the reasons set forth above, this motion is **GRANTED IN PART**. Plaintiff may not testify as to any medical causation or diagnosis, but he may testify as to his actions and related experiences, so long as that testimony is within the realm of common experience. He also may testify about his emotional distress and may relay circumstantial facts to the jury that would support a finding of causation.

2.   Defendant's Motion in Limine #2 (Indemnification by State)

Defendant next moves to exclude evidence that the State of California may pay any judgment in this case or reimburse Defendant in the event a judgment is rendered against her. (Doc. 50 at 3.) Defendant analogizes the indemnification of Defendant to situations where a party was insured at the time the harm was suffered. Given that the existence of such insurance is inadmissible to prove liability, *see* Fed. R. Evid. 411, Defendant maintains evidence of indemnification should likewise be inadmissible here. (Doc. 50 at 3.) Other courts in this District have granted similar motions. *See Calloway v. Hayward*, No. 108CV01896LJOGSAPC, 2017 WL 363000, at *4 (E.D. Cal. Jan. 24, 2017) (citing Fed. R. Evid 411 when granting motion in limine to exclude evidence that the state may pay the judgment in a prisoner civil rights case because " such evidence is inadmissible, irrelevant, and prejudicial to Defendants"); *Saenz v. Reeves*, No. 1:09-CV-00057-BAM PC, 2013 WL 2481733, at *4 (E.D. Cal. June 10, 2013) ("Information regarding whether the State or CDCR would pay any verdict or reimburse Defendant for any compensatory damage award is not relevant to Plaintiff's First Amendment retaliation claim or his Eighth Amendment conditions of confinement claim. Fed. R. Evid. 401.

4

1    Even if such information were relevant, it should be excluded because its probative value is

2    substantially outweighed by both a danger of unfair prejudice and a danger of confusing the

3    issues. Fed. R. Evid. 403.").

4         Plaintiff does not address this motion in limine directly. Instead, he argues that Defendant

5    presented him with a settlement offer, which Plaintiff refused. Plaintiff contends that a jury

6    should be able to hear about that settlement offer and suggests such an offer could amount to an

7    admission of guilt. (Doc. 54 at 3.) However, Federal Rule of Evidence 408(a)(1) expressly

8    prohibits the admission of evidence of settlement negotiations to establish liability. *See* Fed. R.

9    Evid. 408(a)(1) ("Evidence of the following is not admissible — on behalf of any party — either

10   to prove or disprove the validity or amount of a disputed claim or to impeach by a prior

11   inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting,

12   promising to accept, or offering to accept — a valuable consideration in compromising or

13   attempting to compromise the claim.").

14        Defendants' motion in limine is well supported by the authorities and is **GRANTED**.

15   Plaintiff's position as to settlement negotiations, however, is contrary to the Rules of Evidence;

16   he will not be permitted to offer evidence related to settlement offers or negotiations in this case.

17              3.   Defendant's Motion in Limine #3 (Precluding Plaintiff from Referring to

18                   Defendant as "Dr. Beach")

19        Defendant points out, correctly, that Plaintiff has referred to Defendant Beach as "Dr.

20   Beach" at various times throughout this litigation. (Doc. 50 at 4.) Defendant, who is a Licensed

21   Clinical Social Worker, and possesses no medical or other doctoral degree, moves to preclude

22   Plaintiff from referring to her as "Dr. Beach" in the presence of the jury. (*Id.*) Defendant contends

23   that the erroneous reference will be unfairly prejudicial, confuse the issues, and mislead the jury

24   by, among other things, possibly causing the jury to hold Defendant to a higher standard in the

25   mistaken belief that she is a medical doctor. (*Id.*)

26        Plaintiff does not oppose this motion in any material way. He "objects to this only because

27   he has always referenced prison mental health clinicians as doctors and it would be more than

28   likely to slip out" that way. (Doc. 54 at 3.) Plaintiff indicates that "[i]f this were to happen,

5

1    Plaintiff means no harm by it." (*Id.*)

2          Defendants are correct that the erroneous reference has the potential to be prejudicial,

3    though the Court finds that a material impact upon the jury is unlikely under the circumstances.

4    This motion in limine is nonetheless **GRANTED** and Plaintiff is instructed to use best efforts to

5    avoid using that reference. To the extent Plaintiff accidentally references Defendant as a "doctor"

6    in passing, the Court is confident that the issue can be addressed before any prejudice results.

7    **C.     Plaintiff's Remaining Objections to Proposed Motions in Limine**

8          Plaintiff filed a document on July 31, 2023 that appears to address a draft list of motions

9    in limine Defendant presented to Plaintiff for purposes of meet and confer. Some of these issues

10   were encompassed within the Defense motions discussed above, but other issues appear not to

11   have been included in the Defense motions. For example, Plaintiff objects to any attempt by

12   Defendant to "exclude any witnesses not previously identified in the parties' pre-trial statements."

13   (Doc. 54 at 1.) Defendant did not file a motion in limine on that subject. Moreover, the applicable

14   standard was set forth in the tentative pretrial order as follows:

15                  NO WITNESS, OTHER THAN THOSE LISTED IN THIS
16                  SECTION, MAY BE CALLED AT TRIAL UNLESS THE
                    PARTIES STIPULATE OR UPON A SHOWING THAT THIS
17                  ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST
                    INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

18                                        ***

19                  The court does not allow undisclosed witnesses to be called for any
20                  purpose, including impeachment or rebuttal, unless they meet the
                    following criteria:

21                  a. The party offering the witness demonstrates that the witness is for
22                  the purpose of rebutting evidence that could not be reasonably
                    anticipated atthe pretrial conference, or

23                  b. The witness was discovered after the pretrial conference and the
24                  proffering party makes the showing required in paragraph b, below.

25                  Upon the post pretrial discovery of any witness a party wishes to
                    present at trial, the party shall promptly inform the court and
26                  opposing parties of the existence of the unlisted witnesses so the
                    court may consider whether the witnesses shall be permitted to testify
27                  at trial. The witnesses will not be permitted unless:

28                  c. The witness could not reasonably have been discovered prior to
                    the discovery cutoff;

d. The court and opposing parties were promptly notified upon discovery of the witness;

e. If time permitted, the party proffered the witness for deposition; and

f. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties

(Doc. 48 at 10–11.)

Similarly, Defendant brought no formal motion in limine "[t]o exclude documents not previously identified in the parties' pretrial statement[s]." (*See* Doc. 54 at 2.) Again, the standard applicable to that issue is set forth in the tentative pretrial order. (Doc. 48 at 12–13.) The Court will take no further action on these issues at this time.

**D.    Plaintiff's Motions In Limine**

Though not labeled as such, Plaintiff appears to have presented two motions in limine of his own. (Doc. 55.) He objects specifically to the admission of the following documents: (1) the abstract of judgment related to the criminal charges for which he has been incarcerated; and (2) any other mental health documents and/or records outside the events that transpired on March 20, 2019 and which are the basis for this case. (*Id.*)

1. <u>Criminal Abstract of Judgment</u>

Regarding the abstract of judgment, the Defense does not appear to be seeking to offer any such information as direct evidence in its case in chief but has reserved the right to reference evidence of Plaintiff's conviction for impeachment purposes, for example when the Defendant cross-examines Plaintiff, assuming Plaintiff testifies in this matter. (Doc. 48 at 10.)

The use of Plaintiff's prior criminal conviction(s) for impeachment purposes is governed by Federal Rule of Evidence 609. Rule 609 provides that a testifying witness's character for truthfulness may be attacked by evidence of a criminal conviction for a crime that is punishable by imprisonment for more than one year and for any crime proving a dishonest act or false statement. Fed. R. Evid. 609(a). The rule limits the use of convictions where it has been more than 10 years since the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b). "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for

impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (internal quotation and citation omitted). "Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the [witness's] credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (internal quotation and citation omitted). Thus, the Court presumes Defendants will only seek to introduce prior felony convictions consistent with Rule 609, if at all. If Plaintiff chooses to testify at trial, subject to Rule 403, only prior felony convictions less than ten years old are admissible for impeachment purposes. Therefore, to the extent Plaintiff seeks to exclude, pursuant to Rule 609, all of Plaintiff's criminal history, the motion is **GRANTED IN PART AND DENIED IN PART**.

> 2. <u>Mental Health Records</u>

It is unclear to the Court exactly what timeframe will be covered by the mental health records the Defense plans to offer. It is also unclear at this time whether mental health from dates other than March 20, 2019 will be relevant in this case, or what might be contained therein that could be prejudicial. The Court will therefore **RESERVE** this issue for trial. The Defense is instructed to bring to the Court's attention any potential disputes over such records and to do so outside the presence of the jury.

**E.   Objections to Pretrial Order**

> 1. <u>Defendant's Request to Revise the Joint Neutral Statement</u>

Defendant requests that the joint neutral statement set forth in the tentative pretrial order be revised to clarify (1) that Defendant Beach is not a medical doctor; and (2) explain the Defense position on liability. Plaintiff did not respond to this request and the Court finds it to be reasonable and will adopt the Defendant's revised proposed joint neutral:

> Plaintiff alleges that while he was state prisoner, he visited licensed social worker Beach at Kern Valley State Prison. Plaintiff alleges that at that time, he informed Ms. Beach that (1) he had recently swallowed four razor blades and (2) he had an additional razor blade hidden in his possession and intended to use it to harm himself. Plaintiff claims he informed Ms. Beach that he was suicidal because he recently lost a family member. The Plaintiff alleges that Ms. Beach did not take any action, such as placing him in a mental health crisis bed, to prevent him from harming himself with the hidden razor

blade. Plaintiff claims that he later harmed himself with the hidden razor blade and that his self-inflicted wounds later required surgery. Based upon these acts, Plaintiff asserts Ms. Beach failed to provide him adequate medical care as required by the Eighth Amendment to the United States Constitution.

Ms. Beach alleges that Plaintiff never informed her that he had a razor in his possession or intended to use it on himself. Further, Ms. Beach alleges that per the prison's policies and procedures she performed a Suicide Risk and Self-Harm Assessment of Plaintiff and made a medical determination that he did not qualify for a mental health crisis bed.

    2.   <u>Plaintiff's Exhibit List</u>

In advance of the pretrial conference, Plaintiff attached a number of exhibits to his pretrial conference statement, which the Court interpreted as the exhibits he intends to offer at trial. (*See* Doc. 48 at 13.) The tentative pretrial order provided the parties with fourteen days to object to its content. Within that timeframe, Plaintiff filed a hand-written exhibit list. (*See* Doc. 54 at 4.) It lists the following exhibits:

(1) Inmate Patient Health Care 602

(2) Exhausted Remedies 602

(3) Operation and Procedure Performance Information

(4) Patient Discharge Instructions After Surgery for Sustained Nerve Damage

(5) Conditions of Inmate Patient Admission

(6) Patient Medical Hospital Certification

(7) Inmate Plaintiff ADR Motion

(8) [Reference to Problem Printing Obituary]

(9) Obituary of Robert Earl Meekins

(10)   Defendant Mental Health Report (with blacked out ink that can still be read)

Defendant has not objected to the addition of these exhibits to the list already contained in the tentative pretrial order at pages 13 through 14. Accordingly, these exhibits will be deemed included in this list. Plaintiff is cautioned, however, that he must be prepared to provide and identify and clearly number a complete set of exhibits from the documents on these lists. In addition, the disclosure of a document in the pretrial order does not necessarily mean they may be

admitted trial.

**F.     Request for Counsel**

The Plaintiff has repeatedly requested appointment of counsel in this case. The magistrate judge denied one such request on June 12, 2023. (Doc. 44.) On July 31, 2023, Plaintiff filed yet another motion to appoint counsel. (Doc. 53.) On August 2, 2023, the magistrate judge denied that motion. (Doc. 56.) Plaintiff also requests counsel in the documents addressed in this order. (*See* Doc. 55 at 3.) To the extent that any of Plaintiffs filings could be construed as a request for district judge review of the magistrate judge's rulings on that issue, that request is **DENIED**. The magistrate judge's ruling is legally correct and reasonable. This case, though it touches upon issues related to mental health, is not overly complex and the undersigned does not find that this is the kind of exceptional prisoner civil rights case in which appointed counsel is appropriate.

### III.     CONCLUSION AND ORDER

For the reasons set forth above:

(1) Defendant's first motion in limine to preclude Plaintiff from offering expert medical opinion is **GRANTED IN PART** as set forth above.

(2) Defendant's second motion in limine to preclude evidence that Defendant may be indemnified by the State is **GRANTED**. Relatedly, Plaintiff may present evidence pertaining to settlement negotiations, offers, or responses to such offers.

(3) Defendant's third motion in limine to preclude Plaintiff from referencing Defendant as "Doctor Beach" is **GRANTED.**

(4) Plaintiff's first motion in limine to preclude reference to his prior criminal convictions is **GRANTED IN PART AND DENIED IN PART** as set forth above.

(5) Plaintiff's second motion in limine to preclude reference of his mental health records that predate the events at issue in this case is **RESERVED** for decision on a more complete record.

(6) Defendant's request to revise the tentative pretrial order with a modified joint neutral statement is **GRANTED** as set forth above.

(7) Plaintiff's request to add exhibits to those listed in the pretrial order is **GRANTED** as

set forth above.

(8) To the extent Plaintiff is requesting reconsideration of the magistrate judge's denial(s) of his motion(s) for appointment of counsel, any such motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 11, 2023**

_____
UNITED STATES DISTRICT JUDGE